### SCHMID *v.* UNITED STATES (No. 2535) [1]

SECTION 514, TARIFF ACT OF 1922—COLLECTOR'S REFUSAL TO RELIQUIDATE FOR CLERICAL ERROR—SUFFICIENCY AND TIMELINESS OF PROTEST.

Goods were entered for warehouse April 27, 1923, liquidation had July 11, 1923, and withdrawal made February 25, 1924. It was discovered and fully proved by importer that each case of goods contained only half as much as stated in the invoice, and, consequently, in the entry. Within three days after discovering this, importer wrote the collector of it and requested a refund. The request was refused on March 10, 1924. March 22, 1924, importer requested the collector to reconsider and to reliquidate for clerical error under section 514, Tariff Act of 1922. This request was refused on March 27, 1924. Importer protested on March 24, 1924. The mistake in the invoice was a clerical error under section 514; and the section gave the importer the right to protest within 60 days the collector's decision refusing to reliquidate "for a clerical error discovered within one year after the date of entry, or within 60 days after liquidation when liquidation is made more than 10 months after the date of entry." Liquidation was made less than 10 months after entry and the error was discovered less than a year after entry. The pro-

[1] T. D. 41323.

test was within 60 days of the collector's refusal, on March 10, to reliquidate and was, therefore, timely. It was not insufficient for not specifying section 514; it directed the collector to the cause of complaint, and the record shows that he understood it.

## United States Court of Customs Appeals, January 18, 1926

APPEAL from Board of United States General Appraisers, Abstract 48818

[Reversed.]

*William L. Wemple* for appellant.

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Marcus Higginbotham,* special attorneys, of counsel), for the United States.

[Oral argument October 29, 1925, by Mr. Wemple and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

The Harburger Gummiwaren-Fabrik of Germany billed to Julius Schmid, of New York, 20 cases of india-rubber toys. The invoice recited that each case contained four gross of toys and that the value per gross was $15.50 or a total value of $1,240. The goods on importation were entered for warehouse on the 27th of April, 1923, and the entry was formally liquidated on July 11, 1923. The goods, after payment of duties on the basis of 4 gross per case, were withdrawn from warehouse on the 25th of February, 1924. On receipt by the importer of his goods, it was discovered that each case contained only 2 gross or 24 dozen instead of 4 gross or 48 dozen toys.

Within three days after the discovery of the fact that the cases did not contain the amount of merchandise invoiced and upon which invoiced amount the liquidation was had, the importer wrote a letter calling the attention of the collector of customs to the fact that the invoice called for 48 dozen toys to each case, and that on examination of the cases delivered each case contained only 24 dozen. It was also stated in the importer's letter that a measurement of the cases established that none of the cases could possibly hold more than 24 dozen toys. Importer's letter was accompanied by an affidavit of Howard Biggs, and affidavits of the chief clerk and the receiving clerk of Julius Schmid (Inc.). The letter of the importer requested a refund of the duties paid in excess and asked the collector to consider the facts stated therein upon liquidation of the entry. The affidavit of Biggs, sworn to on February 28, 1924, was to the effect that he received the goods from the bonded warehouse and that all the cases *were alike in size and weight;* that he delivered five of the cases to Julius Schmid (Inc.), and shipped the remaining 15 cases to western cities, that the cases were received by him from the

warehouse in perfect condition and that no goods were extracted therefrom while in his possession. The chief clerk deposed under date of February 28, 1924, that the 20 cases of rubber toys contained only 24 dozen toys per case and that instead of 960 dozen as per shipper's invoice only 480 dozen toys were actually imported; that the shipper's charge for 48 dozen toys per case was erroneous and that a claim was made against him on account of that clerical error. The receiving clerk made an affidavit under date of February 28, 1924, in which he stated that 5 of the cases were received by him in perfect condition and showed no signs of having been tampered with; that he opened all 5 of the cases and found in each case only 24 dozen toys; that, according to the measurement and weights, the cases could not possibly have contained more than the quantity which he actually found.

The collector in answer to the importer's letter stated that case No. 6954 had been examined by the appraiser and that no deficiency had been reported by that officer. The collector held that if the importer was dissatisfied with the liquidated assessment made on July 11, 1923, he should have filed a protest within the time prescribed by section 514 of the Tariff Act of 1922 and that the importer having failed to protest as required by law the collector was without authority to disturb the liquidated assessment of duties. In his decision denying the application of the importer, the collector stated that affidavits as to deficiencies in packages not officially examined would receive consideration *only if filed prior to* liquidation.

After receipt of the collector's adverse ruling the importer by his attorney on March 22, 1924, requested the collector to reconsider his decision to *reliquidate the entry* in question and to refund the duty paid in excess or to forward importer's application and affidavits to the department for authority. The application for reconsideration was based upon the ground, among others, that the collector had the power to reliquidate the entry, the warehouse entry having been made on April 27, 1923. The application for reconsideration concluded by requesting the collector "to reliquidate the entry under section 514 of the Tariff Act of 1922 and to correct a clerical error in the invoice and entry discovered within one year after entry." The collector refused to reconsider his ruling and again held that his liquidation of duties was no longer the subject of protest under the authority contained in section "515" of the present tariff act. The collector also ruled that "as more than a year had elapsed since the date of entry, reliquidation can not be directed, in absence of protest, on the ground of manifest clerical error, as the department does not regard the decision of the United States Court of Customs Appeals (T. D. 39678), which related to merchandise entered into consumption, as applicable to goods entered for warehouse." Upon what the

collector based his opinion that more than a year had elapsed after entry does not appear.

On the 24th of March, 1924, the importer filed with the collector of customs a protest containing among others, the following statement:

Protest is made against your decision assessing duty at 70 per centum upon *20 cases invoiced as containing 48 dozen, but in reality containing 24 dozen rubber balls or other rate covered by the entry below numbered. The grounds of objection under the Tariff Act of 1922, are, that there was a clerical error in invoice and entry and actual nonimportation of more than 24 dozen rubber balls per each case, whereas invoice stated that each case contained 48 dozen.*

On the hearing of the protest before the board Frederick Schutze, manager of the import department of Julius Schmid (Inc.) testified that he first saw the merchandise, which is here the subject of protest, in February, 1924, and that he actually counted the articles in five of the cases and found that each case contained 2 gross, which amount did not agree with the invoice; that duty was paid to the collector of customs on double that amount; that the case could not contain more than 2 gross; that he wrote at once to the shipper of the goods and made an overcharge claim which was allowed. On cross-examination the witness testified that the cases examined by him were absolutely full and that there was no shortage in them; that the invoice called for 4 gross to the case and that there were only 2 gross to the case; that 15 cases were shipped to western buyers and that they paid for 2 gross per case only. A letter from the shipper received in evidence, discloses that the original charge was $1,240 and that it was reduced to $620. The evidence shows that the shipper forwarded a corrected consular invoice in which it was stated that each case contained 24 dozen at $15.50 per gross, the unit price stated in the original consular invoice.

On the facts hereinbefore recited and established by the uncontradicted evidence the board held first, that the protest was nothing more than a claim for shortage; second, that the protest did not claim under section 514 of the Tariff Act of 1922 and that there was nothing in the protest which could be construed as invoking the provisions of that section, or which would permit the introduction of evidence showing either that the error was discovered within 12 months after entry or that a request was made for reliquidation on account of clerical error or that the collector refused to reliquidate. The board therefore excluded from consideration all evidence as to the discovery of the error in the invoice within 12 months after entry, all evidence as to the request made by the importer for reliquidation and all evidence as to the collector's refusal to reliquidate. The protest was dismissed on the ground that it had not been filed within 60 days after liquidation and the importer appealed.

Section 514 of the Tariff Act of 1922 provides:

that all decisions of the collector   *   *   *   as to exactions of whatever character
*   *   *   and his decisions excluding any merchandise from entry or delivery
*   *   *   and his liquidation of any entry or refusal to pay any claim for drawback,
*or his refusal to reliquidate any entry for a clerical error discovered within one year
after the date of entry, or within sixty days after liquidation when liquidation is made
more than ten months after the date of entry,* shall be final and conclusive upon all
persons, unless the importer, consignee, or agent of the person paying such
charge or exaction, or filing such claim for drawback, or seeking such entry or
delivery, shall within sixty days after, but not before such liquidation or *de-
cision* as well as in cases of merchandise entered in bond as for consumption,
file a protest in writing with the collector setting forth distinctly and specifically
*   *   *   the reasons for the objection thereto.

The evidence in the case shows beyond question that the original
invoice upon which the collector liquidated and assessed duties erred
in stating that each of the 20 cases imported contained 4 gross of
india-rubber toys.   Each case was of a capacity which did not permit
of its containing more than 2 gross of the articles imported.   The
shipper of the goods frankly admitted that the importer had been
charged with double the amount that should have been charged for
the goods actually shipped and allowed importer's claim for half of
the amount charged in the original invoice.   The importer rebated
to buyers of 15 of the cases one-half the amount which was charged
before it was discovered that each case contained only 2 gross.

Within three days after the discovery that the cases contained only
2 gross of the toys, the importer in writing called the attention of the
collector to that fact and forwarded to him the affidavits of its chief
clerk, its receiving clerk, and its truckman.   Those affidavits taken
together established that each case contained only 24 dozen toys and
that the measurement of the cases examined demonstrated that each
case could not possibly contain more than the quantity of the goods
actually found therein.   Five of the cases were still in the hands of
the importer and the collector could have satisfied himself to a
mathematical certainty as to the capacity of the cases and as to
whether it was possible for any of them to hold any more than 2
gross of toys.   He did not elect to do that, but stood on the untenable
proposition that the importer had not presented his protest within the
time prescribed by paragraph 514.   Wherefore the collector held
that the liquidation could not be disturbed.   As to the contents of
the cases the collector was content to say that no deficiency was
*reported* by the appraiser, but it is noteworthy that he did not say that
the appraiser reported that he had examined the cases and it does not
appear that the appraiser was called upon to make a report.

Taking into account all the evidence in the case and the fact that
the Government did not produce the customs official who examined
the cases to contradict importer's testimony as to their contents, we

are satisfied that the original invoice erred in reciting that each case contained 4 gross of toys. and should have stated that each case contained only 2 gross of toys. That mistake in the invoice was a clerical error which gave to the importer the right to have the entry reliquidated if the error was discovered within a year after the date of entry or within 60 days after liquidation if liquidation was made more than 10 months after date of entry. Sec. 514. The error was discovered within 10 months and 15 days after entry and as the liquidation was made in less than 10 months after the date of entry, it is apparent that the importer's right to a reliquidation was not barred.

The collector's original decision denying the importer's written request for a refund of excess duties collected because of the error in the invoice, was dated March 10, 1924. Importer's application praying for a reconsideration of the matter and for a reliquidation of the entry under section 514 of the Tariff Act of 1922, was denied by the collector on March 27, 1924. Section 514 gave to the importer the right to protest against the action of the collector at any time within 60 days after the collector's decision refusing a reliquidation of the entry. As the importer filed its protest on the 24th of March, 1924, the protest was presented in time and should not have been dismissed. *Protest of McKesson and Robbins*, T. D. 39511; *Protest of Cox & Schreiber*, T. D. 40086.

Both applications of the importer called the attention of the collector to the fact that importer was seeking relief from excessive duties imposed by reason of a clerical error in the invoice. Indeed the importer's second application in clear and unmistakable terms requested the collector to reliquidate the entry under section 514 because of a clerical error in the invoice and argued that the collector had the power to reliquidate inasmuch as the goods had been entered for warehouse on the 27th of April, 1923.

The language of the protest beyond doubt made it apparent to the collector that the importer was complaining of a clerical error in the invoice and of the assessment of duties on 48 dozen toys instead of 24 dozen toys because of that error. That the collector was not misled as to the claim of the protest or as to the section upon which importer relied, is evident from the collector's second decision in which he stated that *reliquidation* could not be directed inasmuch as more than one year has elapsed since the date of the entry "in absence of protest on the ground of *manifest* clerical error." (Italics not quoted.)

The collector's ruling was not based on a misunderstanding of the protest, but upon a misconstruction of paragraph 514 and upon a misunderstanding of the facts. Section 514 does not prescribe that protest against the collector's decision refusing to reliquidate must be filed 60 days after liquidation. The collector's exclusion of mer-

chandise from entry or delivery, his denial of drawback and his refusal to reliquidate for clerical error, are decisions of the collector and the section clearly grants to the importer the right to protest at any time within 60 days after such decisions are made.

In this case the time to file a protest against the collector's refusal to reliquidate an entry for clerical error began to run at the earliest on March 10, 1924, the date on which the collector first denied the application to reliquidate, and as the protest was filed within 14 days after that decision, we must hold that protest was timely. The goods were originally entered on April 27, 1923, as appears from the official papers forwarded to the board and as the two demands for reliquidation for clerical error were dated February 28, 1924, and March 22, 1924, it is apparent that the power to reliquidate still resided in the collector and that the demands for reliquidation were presented within a year after entry of the goods.

The judgment of the Board of General Appraisers is *reversed*.